IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> RONALD DAMONE JENKINS, JR., JAPREE LORTEZ BROOKS, and MALIK TREVONTE NEWSOME, <br><br> Defendants. | Case No. 2:22-cr-101 |

**OPINION & ORDER**

Before the Court is the government's Amended Motion for Entry of a Restitution Order. ECF No. 259. The Court has considered the arguments in the parties' briefing and concluded there is no need to hold a hearing on the motion.[1] For the reasons stated herein, the motion is **DENIED.**

**I.    BACKGROUND**

A jury found Defendants Ronald Damone Jenkins, Jr., Japree Lortez Brooks, and Malik Trevonte Newsome guilty of, among other things, Conspiracy to Commit Murder in Aid of Racketeering, in violation of 18 U.S.C. § 1959(a)(5). ECF Nos. 162, 164, 166.

The defendants conspired to shoot members of a rival gang who were gathered outside the residence of C.M., the victim filing for restitution in this case. ECF

---

[1] Defendant Malik Trevonte Newsome filed an opposition to the motion on May 10, 2024. ECF No. 263. Defendant Ronald Damone Jenkins filed an opposition on May 20, 2024, which Defendant Japree Lortez Brooks adopted. ECF No. 269 (Defendant Jenkins), ECF No. 270 (Defendant Brooks).

No. 259 at 3. C.M. submitted a claim for $6,000 in restitution for "unrepairable" damage done to their 2003 GMC Yukon and 2006 Infiniti G35 due to the shooting. *Id.* at 5.

## II.   LEGAL STANDARD

Because murder conspiracy is not considered a crime of violence, *United States v. McCollum*, 885 F.3d 300, 309 (4th Cir. 2018), the Mandatory Victims Restitution Act does not apply to the government's restitution request. 18 U.S.C. §§ 3663A(a)(1), (c)(1)(A). Therefore, the motion for restitution is pursuant to the Victim and Witness Protection Act ("VWPA"). 18 U.S.C. § 3663(a)(1)(A).

The VWPA gives district courts the discretion to order a person convicted of a crime to pay restitution to "any victim" of their offense. Generally, restitution pursuant to the VWPA is permissible only for the loss caused by the specific conduct that is the basis of the offense of conviction. *United States v. Peters*, No. 19-4718, 2021 WL 4099907 (4th Cir. Sept. 9, 2021) (unpublished). If the offense of conviction did not cause the loss, then the Court should not award restitution.

If the Court concludes that the offense of conviction caused the loss, it must then determine the appropriate amount. In doing so, the Court must consider:

> (1)   the amount of the loss sustained by each victim as a result of the offense;
>
> (2)   the financial resources of the defendant;
>
> (3)   the financial needs and earning ability of the defendant and the defendant's dependents; and
>
> (4)   such other factors as the Court deems appropriate.

18 U.S.C. § 3663(a)(1)(B)(i). "This provision requires the district court to make specific findings on the record pertaining to each of these factors . . . ." *United States v. Leftwich*, 628 F.3d 665, 668 (4th Cir. 2010).

The government bears the burden of proving the restitution amount by a preponderance of the evidence. 18 U.S.C. § 3664(e); *United States v. Posnanski*, 217 F.3d 842, 842 (4th Cir. July 17, 2000) (unpublished). "[O]nce the [g]overnment has satisfied its burden to offer evidence supporting its restitution calculation, the burden shifts to the defendant to dispute that amount with [their] own evidence." *United States v. Stone*, 866 F.3d 219, 227 (4th Cir. 2017).

### III. ANALYSIS

The government did not meet its burden to prove that the offense conduct caused the victim's loss. To support the victim's restitution claim, the government attached photos of the crime scene. ECF No. 259-1. The photos depict gunshot holes in the sides of vehicles parked in the driveway of C.M.'s residence. *Id.* at 19–24.

However, as the government admits, none of the vehicles shown to have gunshot holes are the vehicles listed in C.M.'s property damage claim letter. ECF No. 259 at 5; *see also* ECF No. 223 at 4. In fact, the government presents no photos of physical damage to the vehicles listed in C.M.'s property damage claim letter other than blood from victims of the shooting on the front end of the GMC Yukon and on the back end of the Infiniti G35. ECF No. 259-1 at 10–18.

The government also includes an email from its victim/witness specialist noting that the victim took both the Infiniti G35 and GMC Yukon to "Rick's Auto Repair" in Downtown Franklin, Virginia. ECF No. 259-1 at 30. The victim asserts

that the repair shop concluded that the vehicles were "not repairable" because "two bullets went through the motor" of each vehicle. *Id.* But the victim's assertion of these facts, without more information regarding the extent of the damage to the vehicles and the amount of actual loss, is insufficient for an award of restitution here. The government has not provided the Court with an invoice, receipt, or any paperwork from Rick's Auto Repair or from the victim confirming this assessment. *See id.*

The information tendered to the Court does not prove, by a preponderance of the evidence, that the defendants' offense conduct caused C.M.'s purported loss. Thus, the Court will not award restitution and need not analyze the appropriate award amount.[2]

## IV.  CONCLUSION

The government's Amended Motion for Entry of a Restitution Order (ECF No. 259) is **DENIED**.

The Clerk is **DIRECTED** to send a copy of this Opinion and Order to all counsel of record.

**IT IS SO ORDERED.**

/s/ Jamar K. Walker
United States District Judge

Norfolk, Virginia
July 17, 2024

---

[2] Because the government failed to meet its burden, the "burden to dispute" the government's restitution calculation does not fall on the defendants. *Stone*, 866 F.3d 219.